UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA,

  -v-                                                                                  No.  19-CR-792-LTS

DEVON BROWN,

      Defendant.

--------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

Defendant Devon Brown has been detained on consent since his arrest, without prejudice to a bail application, at the Metropolitan Correctional Center ("MCC"), while awaiting trial on charges of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1); and possession and use of a firearm in furtherance of a federal drug trafficking crime (distributing and possessing with intent to distribute mixtures and substances containing a detectable amount of crack cocaine), in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), (iii) and 2. By letter, Mr. Brown moves for release on conditions of bail, noting that the MCC has identified him as an inmate who, on account of multiple medical conditions, is at heightened risk from COVID-19.  (Docket Entry No. 14.)  The Government opposes Mr. Brown's motion.  (Docket Entry No. 16.)  Mr. Brown has filed a reply and, on April 4, 2020, a supplemental submission. (Docket Entry Nos. 17 and 19.)  On April 6, 2020, the Court held a telephonic hearing on Defendant's motion.  Mr. Brown, having waived his personal appearance, appeared by counsel. The Court has considered carefully all of the written submissions and arguments, and has also reviewed the April 6, 2020, Pretrial Services Office report summarizing Mr. Brown's criminal history.  That report has been provided to counsel by the Pretrial Services Officer.

Because Mr. Brown has been detained on consent until now, the Court must first address the threshold question of whether, under the criteria established by the Bail Reform Act of 1984, 18 U.S.C. §§ 3141–3156 (the "Bail Reform Act"), he is someone who must, absent satisfaction of the criteria for temporary release, continue to be detained. Section 3142(e)(1) of the statute requires that an accused be detained pending trial where, following a hearing in accordance with section 3142(f), "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Risk of flight must be shown by a preponderance of the evidence and danger to the community must be shown by clear and convincing evidence. The factors that a judicial officer must consider "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community" include "the nature and circumstances of the offense charged, including whether the offense is a crime of violence" or involves a firearm; "the weight of the evidence against the person"; "the history and characteristics of the person"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). Furthermore, because Mr. Brown has been charged with an offense under 18 U.S.C. § 924(c), there is a presumption that "no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(B).

The Court concludes that the Government has demonstrated by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Mr. Brown's appearance in court as required, and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. The Court

further concludes that Mr. Brown has not rebutted the presumption of danger to the community and risk of flight. The Court's conclusions are based primarily on (i) the gravity of the firearms offenses with which Mr. Brown stands charged, which include engaging in a shooting in the entry area of a residential building and subject him to a potential ten-year mandatory minimum sentence; (ii) the strength of the Government's evidence against Mr. Brown, which places him with a firearm in a location, from which spent bullet casings were recovered, near the entrance of the residential building; (iii) the continuing nature of the gang-related feud that allegedly led to the violent conduct underlying the charges; (iv) Mr. Brown's serious and lengthy criminal history, which includes eleven arrests and seven convictions (two for felonies, including one violent felony) dating back to 1988; (v) the Government's proffers, confirmed by the Pretrial Services report, concerning Mr. Brown's commission of the instant offense while on parole from state drug charges; and (vi) Mr. Brown's prior probation infractions and issues with failing to appear. Mr. Brown has not rebutted the Government's proffers concerning his risk of flight and danger to the community. Indeed, Mr. Brown "readily acknowledge[s] that [he] has a poor criminal history that includes several convictions." (Docket Entry No. 17 at 3.) Under these circumstances, 18 U.S.C. § 3142(e)(1) requires the entry of an order of detention.

In the alternative to general release on conditions, Mr. Brown seeks temporary release to monitored confinement at the home of his girlfriend during the current public health emergency arising from the COVID-19 pandemic, citing three serious health conditions that, according to CDC criteria, place him at higher risk of contracting the disease and suffering more serious, potentially deadly, manifestations of the disease. He proffers that this risk to his own life and health eliminates, under the conditions proposed, a risk of flight or danger to the community because leaving his house would expose him to life-threatening contact with others

who could be infected with the virus. Mr. Brown also asserts that "given the realities of the current health crisis, Mr. Brown's lack of ties <u>outside</u> New York, his lack of money or resources, and the requested condition of home confinement with electronic monitoring," the risk of flight is nonexistent as a practical matter. (Docket Entry No. 17 at 3-4.)

Under 18 U.S.C. § 3142(i), the Court has the legal authority to grant relief from an order of detention entered under 18 U.S.C. § 3142(e). Section 3142(i) permits the temporary pretrial release of a defendant otherwise requiring detention into the custody of a U.S. marshal or other "appropriate" person where "the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Courts in this District have done so in appropriate cases; indeed, in certain circumstances, a serious medical condition can constitute a "compelling reason" under this provision. <u>See</u>, <u>e.g.</u>, <u>U.S. v. Perez</u>, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at \*1 (S.D.N.Y. Mar. 19, 2020) (granting bail application of 65-year-old defendant with COPD, pursuant to 18 U.S.C. § 3142(i), in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19"). Mr. Brown has the burden of showing that temporary release is necessary under 3142(i). <u>See</u> <u>U.S. v. Dupree</u>, 833 F. Supp. 2d 241, 246 (E.D.N.Y. 2011).

Mr. Brown's argument regarding temporary mitigation of the risk of flight because of lack of resources and fear of life-threatening contagion does not address sufficiently the very serious issue of the danger he poses to the community, given his history of involvement in violent crime and the strong evidence relating to the instant charges of participating in life-threatening gun violence at a residential building. In this regard, it is significant that the Government proffers that the shooting incident was related to narcotics trafficking and a gang

dispute, that rival gang members "may look to harm [Mr. Brown] in retaliation for the Shooting" underlying the current charges, and that, even under home confinement, Mr. Brown would still be able to arrange drug deals or communicate (over the phone or using the Internet) with other individuals involved in the gang-related conflict. (Docket Entry No. 16 at 3-4.) Supervision and policing resources are particularly strained during the current pandemic conditions, heightening the importance of protection of the community from persons and circumstances that pose documented threats.

The Court does not take lightly the elevated risk that Mr. Brown's confinement and medical history pose for his own health and safety. The current public health crisis presents an elevated risk for those who are confined, as compared to those living in situations where social distancing is more feasible and where the most effective cleaning products are more readily available. The Bureau of Prisons ("BOP") has, however, implemented policies and consulted with appropriate experts to mitigate the risks posed by COVID-19. Most recently, BOP has instituted a medical quarantine of all but one unit of the MCC. The BOP's mitigation measures do not, and cannot, eliminate completely the risk of COVID-19, but these measures are calculated to mitigate the risk of infection in its inherently close quarters, for all persons in custody and BOP staff. Although, in certain cases, the specific medical conditions of individual pretrial detainees may create risks so substantial that they reduce or outweigh the public safety risks posed by temporary release of such detainees, the Court finds that, in Mr. Brown's case, the danger to the community presented by Mr. Brown's release outweighs substantially even the heightened the risk of exposure to COVID-19 that he faces while in detention, particularly in light of Mr. Brown's failure to identify concrete, imminent threats to his health beyond those that affect all detainees in the higher risk categories. His fear, based on deprivation of medication

during a recent lockdown, that his care might be further compromised during the implementation

of COVID-19 restrictive measures, is taken seriously in the Court's analysis, but is not indicative

of peril compelling the exposure of the general community to violence involving a person who

has engaged in such behavior and whose past conduct is indicative of a lack of respect for

supervision conditions.  Mr. Brown's understandable need and desire to maximize his ability to

protect himself from infection do not reduce significantly the risk of community violence that he

presents.  The Court concludes that Mr. Brown's medical conditions do not provide a basis

compelling enough for the Court to disregard the serious danger his release would pose to the

public, particularly in light of the Government's proffers concerning Mr. Brown's involvement

in ongoing gang violence.

   The Court also finds Mr. Brown's conclusory argument that temporary release is

warranted because he faces "challenges in preparing his defense" insufficient to meet the

statutory standard.  (Docket Entry No. 14 at 7.)  Mr. Brown has not identified any specific

difficulty in preparing his defense, nor has he identified any imminent need to do so.  This case is

in relatively early stages, and the next proceeding is a status conference scheduled for May 21,

2020.  There is no trial, evidentiary hearing, or other substantive hearing upcoming in Mr.

Brown's case.  And, while the BOP has temporarily barred legal visits at the MCC, telephone

privileges have been increased in light of the visiting restrictions, the BOP is working to

implement videoconferencing capabilities, and defense counsel has been able to communicate

regularly with Mr. Brown by email since the COVID-19 restrictive measures have been in place.

The Court, accordingly, finds that Mr. Brown has not sustained his burden of demonstrating that

temporary release pursuant to 18 U.S.C. § 3142(i) is necessary or appropriate in his case.

The Court therefore grants the Government's application for detention pursuant to

18 U.S.C. § 3142(e) and denies Defendant's application for temporary release pursuant to 18

U.S.C. § 3142(i).  An order of detention will be entered.

This Order resolves Docket Entries No. 14, 17, and 19.

SO ORDERED.

Dated: New York, New York
       April 6, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge